**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **GREGORY R. JOHNSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:23-cv-00827-ADA-DTG** |
| | § | |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| **Defendant** | § | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 6)**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the plaintiff's Motion for Summary Judgment and Memorandum in Support.[1] Dkt. Nos. 6 & 7. The defendant filed a response, to which the plaintiff filed a reply. Dkt. Nos. 9 & 10, respectively. Notably, the plaintiff filed a seventeen page reply in violation of the Court's Local Rules, which limit replies to ten pages. *Compare* Dkt. No. 10 *with* Local Rule CV-7(E)(3). As the plaintiff failed to request leave to exceed the ten page limit, the undersigned **RECOMMENDS** that the District Judge **STRIKE** pages 11 through 17 of the plaintiff's reply (Dkt. No. 10) and decline to consider those pages. *See Martinez v. Commissioner of Social*

[1] The memorandum in support violates Local Rule CV-7(C)(1), which generally requires "Any legal authority in support of a motion must be cited in the motion, and not in a separate brief." As the Commissioner did not object to this failure to comply with the Local Rules, the undersigned considers the Memorandum but reminds the plaintiff's counsel that absent an order to contrary, it must comply with the Local Rules.

*Security*, Case No. EP-22-cv-00135-KC-ATB, 2022 WL 17097752 (W.D. Tex. Nov. 21, 2022) (noting that courts have inherent authority to manage their dockets through page limits).

After careful consideration of the arguments in the briefs, the transcript, and the applicable law, the Court **RECOMMENDS** that the plaintiff's Motion for Summary Judgment (Dkt. No. 6) be **DENIED**.

## I. BACKGROUND

This case arises from the plaintiff's claim for benefits, which he filed on June 17, 2022. Dkt. No. 7 at 1. The Administrative Law Judge ("ALJ") conducted a hearing on June 13, 2023. Dkt. No. 5 at 35 (Tr. at 34)[2]. On July 11, 2023[3], the ALJ issued a decision denying the plaintiff's request for benefits. Tr. at 12. On September 29, 2023, the Appeals Council denied the plaintiff's request for review, which led to this action. Tr. at 1-3.

In reaching his decision, the ALJ followed the standard five-step process. 20 C.F.R. § 404.1520(a). At step one, he found that the plaintiff had not engaged in substantial gainful activity since May 1, 2018. At step two, he found that the plaintiff had severe impairments, including degenerative disc disease, degenerative joint disease, and late effects of a biceps tear. At step three, he found that the plaintiff did not satisfy any of the listed impairments. The ALJ then determined the plaintiff's residual functional capacity ("RFC"), and at step four found that the plaintiff could not perform past relevant work. Finally, at step five the ALJ found that jobs existed in "significant numbers in the national economy that the claimant can perform." Tr. at 16-28. The plaintiff only challenges the ALJ's RFC determination.

---

[2] The transcript of the underlying proceedings is contained in Dkt. No. 5 through 5-8, and for ease of reference the Court will refer to it as Tr. followed by the number physically stamped on the bottom right corner of each page.

[3] The plaintiff's opening brief identifies this date as July 11, 2022. Dkt. No. 7 at 1.

The plaintiff contends that the ALJ committed four errors in making his RFC determination. First, the plaintiff contends that the ALJ improperly rejected all the medical opinions and determined the plaintiff's RFC based "solely on his unsupported opinion regarding the limitations presented by the objective medical evidence." Dkt. No. 7 at 1. Second, the plaintiff contends that the ALJ improperly interpreted the medical evidence. *Id*. The plaintiff contends that these first two errors are unsupported lay opinions and lay interpretations of medical evidence. Dkt. No. 10 at 1. The plaintiff contends that these were legal errors that violated Social Security Ruling 16-3p. *Id*. Third, the plaintiff argues that the ALJ's mental RFC restrictions are not supported by substantial evidence and an adequate explanation. Finally, the plaintiff contends that the ALJ's reaching restriction in the RFC determination is also not supported by substantial evidence and an adequate explanation. Dkt. No. 7 at 1-2. In addition to contending that the last two errors lack substantial evidentiary support, the plaintiff contends that they also include legal errors because the ALJ failed to include an explanation in compliance with Social Security Rulings 96-8p and 85-15. Dkt. No. 10 at 3.

The Commissioner responded and disputed each point. Dkt. No. 9. The Commissioner contends that the complaints that the ALJ improperly formed his own opinions lack merit, and that the RFC determination is supported by substantial evidence. As such, the Commissioner argues that the ALJ's decision should be affirmed. *Id*.

## **II. STANDARD OF REVIEW**

Judicial review of the denial of benefits is limited to determining whether the ALJ applied the proper legal standards and whether substantial evidence supports the decision. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173

(5th Cir. 1995) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990)). The Court may not reweigh the evidence but instead must "scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Nugent v. Astrue*, 278 F. App'x 423, 425 (5th Cir. 2008) (citing *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995)). "A finding of no substantial evidence is warranted only 'where there is a conspicuous absence of credible choices or no contrary medical evidence.'" *Id*. (citing *Johnson v. Bowen,* 864 F.2d 340, 343-44 (5th Cir.1988)). This standard is very deferential to the ALJ's decision. *See Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (stating that a Court cannot substitute its judgment for the ALJ's "even if the evidence preponderates against the Secretary's decision."). Additionally, as the plaintiff's claim was filed after March 27, 2017, it is subject to the revised regulations that do not require the ALJ to give any medical opinions controlling weight. 20 C.F.R. § 404.1520c. While the substantial evidence review affords deference to the ALJ's factual findings, the ALJ's legal conclusions are reviewed *de novo*. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

## III. ANALYSIS

The plaintiff alleges four errors in the ALJ's decision. First, he contends the ALJ erred by ignoring medical opinions and forming his own opinion. Second, he contends the ALJ improperly relied on his lay interpretation of objective medical evidence. Third, the ALJ failed to support the mental RFC determination with substantial evidence and an adequate explanation despite evidence of greater restrictions. Fourth, the ALJ's RFC restriction regarding reaching is not supported by substantial evidence or a proper explanation. Dkt. No. 7 at 8-9. The undersigned addresses each point below.

**A. The ALJ Properly Evaluated The Evidence, Including the Medical Opinions, and Did Not Improperly Interpret of Objective Medical Evidence.**

The plaintiff contends that the ALJ improperly rejected the only medical opinions of record. The plaintiff identifies the opinions of a state-agency medical and psychological consultants and a consultive examiner Dr. Bolte as the only opinions of record. Dkt. No. 7 at 9 (citing Tr. at 75-93, 848-57). The plaintiff's opening brief repeatedly contends that rejecting the medical opinions prevents the ALJ's opinion from being supported by substantial evidence. *Id*. at 9 (arguing that "the RFC determination is *not* supported by substantial evidence"), 12 (stating that "[c]onsequently, substantial evidence does not support eh ALJ's RFC determination."). In his reply, the plaintiff goes further and contends that because the ALJ's RFC determination varies from those opinions, the ALJ must have impermissibly formed his own opinion. Dkt. No. 10 at 5. This, the plaintiff contends, this was a legal error that creates doubt about whether substantial evidence exists. *Id*. at 8-9.

The Commissioner disputes that the ALJ did anything improper and contends that substantial evidence supports his RFC determination. He notes that the ALJ did not reject the medical opinions of record, rather he explained why he found them unpersuasive. Dkt. No. 9 at 3. He also notes that there was nothing legally improper about the ALJ's approach, because the regulations reserve the RFC determination solely to the ALJ, who is not required to simply pick a medical opinion. *Id*.

The undersigned finds the Commissioners response persuasive when considered with the ALJ's decision and the transcript. The plaintiff repeatedly cites to his testimony at the June 13, 2023 hearing and and the form the plaintiff completed on July 18, 2022 to support his worsened medical condition. Dkt. No. 7 at 6, 11, 14. The ALJ had the opportunity to hear that testimony

and evaluate the plaintiff at the hearing. He also considered the medical opinions of record—one by Dr. Ligon dated October 3, 2022, which found the plaintiff "Not Disabled," (Tr. at 75-82), one by Dr. Harper dated January 1, 2023, which also found the plaintiff "Not Disabled," (Tr. at 83-93), and one by consultative examiner Dr. Bolte dated September 29, 2022, (Tr. at 847-57). The ALJ discussed and considered each of these medical opinions, but explained that he found each unpersuasive because of new evidence the plaintiff presented at the hearing and because of his overall medical records. Tr. at 25 (citing Exhibit 2A, which is Tr. at 75-82; Exhibit 3A, which is Tr. at 83-93; and 8F, which is Tr. at 847-857). Before the specific paragraphs that discuss the medical opinions, the ALJ discusses the plaintiff's medical records and the importance of each toward the RFC determination. *See* Tr. at 22-23. For example, the ALJ discussed medical records from after the plaintiff's bicep surgery where the plaintiff reported that he was lifting weight but using lower weights and Dr. Bolte's even more recent finding that the plaintiff had full range of motion and strength in his upper extremities. *Id*. The undersigned is persuaded that this evaluation and explanation by the ALJ complies with the applicable regulation. *See* 20 C.F.R. §§ 404.1520c, 404.1545.

Neither *Ripley* nor *Williams* change the conclusion that the ALJ acted appropriately or that substantial evidence supports the decision. The plaintiff cites both cases for his contention that an ALJ cannot interpret medical evidence to decide restrictions but must have some medical opinion to support the restrictions. Dkt. No. 7 at 9-11 (citing *Ripley v. Chater*, 67 F.3d 552, 557–58 (5th Cir. 1995) and *Williams v. Astrue*, 355 F. App'x 828, 831–32 (5th Cir. 2009)). Those cases, however, do not stand for the proposition plaintiff contends, but rather for the proposition that the RFC determination must be supported by substantial evidence, which it was not in those cases. *Ripley*, 67 F.3d at 557-558 (finding a lack of substantial evidence when no medical

testimony supported the RFC determination that the claimant was able to perform sedentary work); *Williams*, 355 F. App'x at 831-32 (finding a lack of substantial evidence when the ALJ found that the claimant could stand or walk for six hours in a work day when no evidence supported that conclusion and three medical opinions that found the claimant unable to perform anything but sedentary work). Here, the medical opinions found that the plaintiff was less restricted than RFC determination and the plaintiff testified that he was more restricted. Tr. at 75-82, 83-93, & 41-64 (the claimant's hearing testimony). As noted by the Commissioner, a claimant that can do medium work, can also do light work. 20 C.F.R. § 404.1567(c).

The ALJ properly evaluated all of the medical evidence. As acknowledged by the plaintiff, the ALJ identified medical evidence that in 2022—after the bicep tear surgery—the plaintiff had full range of motion and strength in his upper extremities, and in 2023 he had had full range of motion with no swelling, effusion, or deformity in his knee, despite a meniscus tear (Tr. at 22-23 (citing Exhibits 8F, 9F, 14F pages 13-14, and 18F)). Notably, those records from 2023 also note that his right forearm "exhibits no bony tenderness, no swelling, no edema, and no deformity" and was diagnosed as "likely tendinitis" for which he was to "apply ice tid." Tr. at 1138-40. The plaintiff's complaints about the ALJ supposedly interpreting medical evidence are unfounded as the ALJ was articulating what the medical records and reports showed—no recommendation of surgery, surgical lesions, or nerve root compression. Tr. at 23. This was after the ALJ detailed the findings of each of the X-rays and MRIs. *Compare* Dkt. No. 7 at 11, *with* Tr. at 22 (citing Exhibit 1F, pages 124, 126, 129, 131, 134). As noted by the Commissioner, many of the records that the plaintiff cites to predate the relevant period. Dkt. No. 9 at 14. The ALJ considered these records as well as the more recent records that contradict the plaintiff's claimed limitations. Tr. at 16, 17, 20. Those records also predate records that show the plaintiff

went to "the gym for a couple of hours each day," lifted weights, and was able to "ambulate with a normal gait pattern." Tr. at 22. The undersigned is persuaded that the ALJ properly evaluated the medical evidence when reaching his RFC determination.

**B. The ALJ's RFC Determination—Mental and Regarding Reaching—is Supported by Substantial Evidence.**

The plaintiff also contends that the RFC determination is not supported by substantial evidence because the ALJ failed to sufficiently explain his findings. The plaintiff contends that the records contain more severe medical problems than the mental RFC determination. Dkt. No. 7 at 15-16. The plaintiff contends the in reaching the mental RFC determination, the ALJ failed to explain or account for the plaintiff's hearing testimony that he tried to take online classes but "it didn't work out" after one semester. *Id*. at 14 (citing Tr. at 54-55, 58.). The plaintiff also criticizes the ALJ for failing to account for the plaintiff's hearing testimony about his limited use of his right arm. *Id.* (citing Tr. at 48).

Again, the undersigned finds the plaintiff's arguments unpersuasive. As noted by the Commissioner, the medical evidence that the ALJ relied on, specifically Dr. Bolte's evaluation, found that the plaintiff could perform medium duty work, which is substantial evidence to support the RFC determination of light duty work. Dkt. No. 9 at 7 (citing Tr. at 20, 850; 20 C.F.R. § 404.1567(c)). As noted by the ALJ, the plaintiff stated that in October of 2022, he was taking five classes—one at Baylor and four online. Tr. at 19. The ALJ also noted that in May of 2020, the plaintiff was enrolled in classes at Saddleback College. Tr. at 24. As noted in the medical records, as of May 2022, the plaintiff had attended three years of college at Saddleback College. Tr. at 244. In June 2022, the plaintiff also reported that he was employed in a work

study program at Saddleback College to obtain an "AA in nutrition." Tr. at 1325-1328. Additionally, the statement the plaintiff points to reads, "I tried to take an online class and that didn't work out. I was too distracted with everything else." Tr. at 54. Although this was a passing reference untethered to any specific school, courses, or medical condition, the plaintiff translates this into an allegation that the plaintiff stopped "after 1 semester because he could not focus to learn the information." Dkt. No. 7 at 6 (citing Tr. at 54-55, 58.). The undersigned finds that single statement insufficient to negate the substantial evidence cited by the ALJ—including the three years of courses at Saddleback College and the course the plaintiff took at Baylor in 2022. Additionally, as recounted by the Commissioner, the ALJ cited and discussed reports of the plaintiff's significant physical activities after his right arm surgery. Dkt. No. 9 at 8, 17-18. These reports are substantial evidence in support of the RFC determination and the plaintiff's limited hearing testimony does not compel a contrary conclusion.

## IV. RECOMMENDATION

For the above reasons, the undersigned finds that the ALJ followed the law when making the plaintiff's RFC determination and that the RFC determination is supported by substantial evidence. The undersigned, therefore, **RECOMMENDS** that the District Judge **STRIKE** pages 11 through 17 of the plaintiff's reply (Dkt. No. 10) and decline to consider those pages, and further **RECOMMENDS** that the plaintiff's Motion for Summary Judgment (Dkt. No. 6) be **DENIED**.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 9th day of September, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE